

# IN THE 29TH DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL COURT DIVISION

**MAGDALENA FLORES-GAYTAN**
Individually and as the
Administrator of the Estate
of **JOSE ROMO-VIRAMONTES,** deceased
     Address:
     1416 South 29th Street
     Kansas City, Kansas 66106

and

*S R-F*

                  by and through her
next friend, **MARIA ISABEL ROMO**
     Address:
     1511 North 51st Street
     Kansas City, Kansas 66102

and

*B R-F*

               , by and through
his next friend, **MARIA ISABEL ROMO**
     Address:
     1511 North 51st Street
     Kansas City, Kansas 66102

                       Plaintiffs,

**v.**

**3M COMPANY,**
a Delaware Corporation
     Serve Registered Agent:
     The Corporation Company, Inc.
     515 South Kansas Avenue
     Topeka, Kansas 66603

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: *1 0 C U 1 3 8 5*
DIVISION NO. *3*
CHAPTER 60

*Demand for jury trial*

and )
)
**THE SHERWIN-WILLIAMS COMPANY,** )
an Ohio Company )
      <u>Serve Registered Agent</u>: )
      Corporation Service Company )
      200 SW 30th Street )
      Topeka, Kansas 66611 )
and )
)
**CSD, INC.,** )
a Texas Corporation )
      <u>Serve</u>: )
      Steve Cooke, President )
      9733 Meador Road )
      Conroe, Texas 77303 )
)
and )
)
**STARTEX CHEMICAL, INC.,** )
a Texas Corporation )
      <u>Serve</u>: )
      Steve Cooke, President )
      9733 Meador Road )
      Conroe, Texas 77303 )
)
and )
)
**THE HOME DEPOT, INC.,** )
a Delaware Corporation )
      <u>Serve Registered Agent</u>: )
      Brown Jet Center, Inc. )
      2455 Paces Ferry Road )
      Atlanta, GA  30339 )
)
and )
)
**HOME DEPOT U.S.A., INC.,** )
a Delaware Corporation )
      <u>Serve Registered Agent</u>: )
      Corporation Service Company )
      200 SW 30th Street )
      Topeka, KS  66611 )
)
and )
)

**STEVEN G. GALATE d/b/a UNIVERSAL**    )
**POWER WASH**    )
a Kansas resident    )
    Address:    )
    14337 Nieman Road    )
    Overland Park, Kansas 66221    )
    )
                 Defendants.    )

## COMPLAINT FOR DAMAGES

Comes now Plaintiffs, and for their claims against Defendants, state and allege as follows:

### PARTIES

1.    Plaintiff, Magdalena Flores-Gaytan, is the surviving spouse of Jose Romo-Viramontes ("Deceased") and has sustained all of the elements of damage allowed under K.S.A. 60-1901, *et seq.*, and otherwise recoverable under Kansas law.

2.    At all times relevant hereto, Plaintiff Magdalena Flores-Gaytan was and is a resident of Kansas City, Wyandotte County, Kansas. Plaintiff Magdalena Flores-Gaytan is an individual over 18 years of age.

3.    Prior to his untimely death, Deceased was, at all times relevant hereto, a permanent resident of the United States and a resident of the State of Kansas. This action, among other causes of action, is brought for his wrongful death and conscious pain and suffering occasioned by Deceased, by and through Plaintiff Magdalena Flores-Gaytan as Administrator of Deceased's Estate, pursuant to K.S.A. 60-1801, *et seq*. **(See Exhibit A – Letter of Administration)**.

4.    Two prior and separate suits containing claims brought herein were brought by Plaintiff Magdalena Flores-Gaytan, individually and in her capacity as Administrator, in Johnson

3

County, Kansas (Case No. 10CV05482) and St. Louis County, Missouri (Case No. 10SL-CC01844). These suits were previously voluntarily dismissed without prejudice on July 23, 2010 and July 13, 2010, respectively.

    5.    Plaintiffs S████ R███ -F███ and B███ N█████ R███ -F███, are minors appearing by and through their Next Friend and Aunt, Maria Isabel Romo. Plaintiffs S██████ R███-F███ and B███ N████ R███-F███ are the natural minor children of the Deceased and are residents of Kansas City, Wyandotte County, Kansas. At all times relevant hereto, S██████ R███-F███ and B███ N████ R███-F███ were less than 18 years of age.

    6.    The statute of limitations pertaining to claims entitled to be brought by Plaintiffs S██████ R███-F███ and B███ N████-F███ was and is tolled by K.S.A. 60-515.

    7.    Defendant 3M Company (hereinafter "3M") is a Delaware corporation, registered in the State of Kansas as a foreign corporation, with its principal place of business in Saint Paul, Hennepin County, Minnesota. Defendant 3M may be served through its registered agent listed above.

    8.    Defendant The Sherwin-Williams Company (hereinafter "Sherwin-Williams") is an Ohio company, registered to do business in the State of Kansas, with its principal place of business in Cleveland, Ohio. Defendant Sherwin-Williams has a store and is transacting business in Kansas City, Wyandotte County, Kansas. Defendant Sherwin-Williams may be served through its registered agent listed above.

    9.    Defendant CSD, Inc. (hereinafter "CSD") is a Texas corporation with its principal place of business in Conroe, Texas. Defendant CSD may be served through its President.

4

10.    Defendant Startex Chemicals, Inc. (hereinafter "Startex") is a Texas corporation with its principal place of business in Conroe, Texas. Defendant Startex may be served through its President.

11.    Defendant The Home Depot, Inc. (hereinafter "Home Depot") is a Delaware corporation with its principal place of business in Atlanta, Cobb County, Georgia. Defendant Home Depot may be served through its registered agent listed above.

12.    Defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot USA") is a Delaware corporation, registered in the State of Kansas as a foreign corporation, with its principal place of business in Atlanta, Cobb County, Georgia. Defendant Home Depot USA may be served through its registered agent listed above.

13.    Defendant Steven G. Galate d/b/a Universal Power Wash and Painting (hereinafter "Galate") is and was at all times relevant hereto a Kansas resident with his principal place of business in Overland Park, Johnson County, Kansas.

## JURISDICTION AND VENUE

14.    Defendant 3M sells and distributes its products in the state of Kansas and at all pertinent times herein, including at the present, its products are likewise used and consumed within the State of Kansas in the ordinary course of trade or usage.

15.    Defendant Sherwin-Williams sells and distributes its products and services in the state of Kansas and at all pertinent times herein, including at the present, its products are likewise used and consumed within the State of Kansas in the ordinary course of trade or usage.

16.    Defendants CSD and Startex sell and distribute their products and services in the state of Kansas and at all pertinent times herein, including at the present, their products are likewise used and consumed within the State of Kansas in the ordinary course of trade or usage.

5

17.     Defendant Home Depot sells and distributes products and services in the state of Kansas and at all pertinent times herein, including at the present, it has advertised, sold and distributed products in the state of Kansas.  Defendant Home Depot received a direct or indirect financial benefit from the sale of products, including respirators, within the state of Kansas.

18.     Defendant Home Depot USA sells and distributes products and services in the state of Kansas and at all pertinent times herein, including at the present, it has advertised, sold and distributed products in the state of Kansas. Defendant Home Depot USA received a direct or indirect financial benefit from the sale of products, including respirators, within the state of Kansas.

19.     Defendant Galate is a Kansas resident who is transacting business in the state of Kansas.

20.     At all times relevant hereto, all Defendants acted by and through their agents, servants and/or employees, each of whom was acting within the course and scope of their employment with Defendants.

21.     The Defendants all have minimum contacts with the state of Kansas such that having to defend this lawsuit in the state of Kansas does not offend the traditional notions of fair play and substantial justice because this lawsuit arises from the Defendants' contacts with the state of Kansas.

22.     Venue is proper in this Court according to K.S.A 60-604.

### FACTS COMMON TO ALL COUNTS

23.     On or about June 27, 2008, the Deceased purchased a respirator manufactured and distributed by Defendant 3M (hereinafter the "respirator") from the Home Depot and Home Depot USA Defendants' store on West 135th Street in Johnson County, Kansas.

6

24.     On or about June 28, 2008, the Deceased was working as a painter and sub-contractor of general contractor Defendant Galate at a home in Overland Park, Johnson County, Kansas and was painting with PrepRite / ProBlock primer ("primer"), manufactured and distributed by Defendant Sherwin-Williams and Startex Paint Thinner ("paint thinner") manufactured and distributed by Defendants CSD and Startex.

25.     On information and belief, the respirator failed to protect the Decedent from the toxic chemical components of the primer and paint thinner, causing the Decedent to inhale such toxic chemicals leading to his death by asphyxiation.  Prior to his death, the Decedent suffered pain, suffering and mental anguish.

26.     Plaintiffs have suffered damages including, but not limited to those damages recoverable pursuant to K.S.A. 60-1904.

**COUNT I**
**Strict Liability Against Defendant 3M**

27.     Plaintiffs incorporate herein by reference paragraphs 1-26, above as though fully set forth herein.

28.     Defendant 3M designed, manufactured, distributed and sold the subject respirator, in the course of its business.

29.     The subject respirator was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

30.     The subject respirator was used by the Deceased in a manner reasonably anticipated by Defendant 3M and in a condition not substantially changed from the time it was designed, manufactured, distributed and sold.

7

31.     The Deceased suffered serious injuries resulting in his death as a direct result of the defective design and/or manufacture of the respirator, and the distribution and/or sale of the subject respirator in its defective condition.

32.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the defective design and/or manufacture of the respirator, and the distribution and/or sale of the subject respirator in its defective condition.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant 3M for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II**
**Strict Liability Failure to Warn Against Defendant 3M**

33.     Plaintiffs incorporate herein by reference paragraphs 1-32, above as though fully set forth herein.

34.     Defendant 3M designed, manufactured, distributed and sold the subject respirator, and instructions and/or warnings, in the course of its business.

35.     The subject respirator was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and without adequate warnings.

36.     Defendant 3M failed to provide an adequate instruction or warning as to the safe use or danger of use of the subject respirator.

37.     The subject respirator was used by the Deceased in a manner reasonably anticipated by these Defendant 3M and in a condition not substantially changed from the time it was designed, manufactured, distributed and sold by Defendant 3M.

8

38.     The Deceased suffered serious injuries resulting in his death as a direct result of the distribution and/or sale of the subject respirator in its defective condition without adequate instructions or warnings.

39.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the distribution and/or sale of the subject respirator in its defective condition without adequate instructions or warnings.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant 3M for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other relief as the Court deems just and proper under the circumstances.

### COUNT III
**Negligence – Design and/or Manufacture of Defective and Dangerous Product Against Defendant 3M**

40.     Plaintiffs incorporate herein by reference paragraphs 1-39, above as though fully set forth herein.

41.     Defendant 3M designed, manufactured, distributed and sold the subject respirator, in the course of its business.

42.     Defendant 3M had a duty to use ordinary care in the design and manufacture of the subject respirator; to make reasonable inspection of the respirator; and to test the respirator for defects as reasonably necessary.

43.     At the time of its design, manufacture and sale to the Deceased, and at the time of its use by the Deceased, the subject respirator was in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and Defendant 3M breached its duties as set forth herein.

44.     The subject respirator was used in a manner reasonably anticipated by Defendant 3M.

45.     The Deceased suffered serious injuries leading to his death as a direct result of Defendant 3M's negligent design and/or manufacture of the respirator, its distribution and/or sale of the subject respirator in its defective condition, Defendant 3M failed to reasonably inspect the respirator and failed to test the respirator as reasonably necessary.

46.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of Defendant 3M's negligent design and/or manufacture of the respirator, its distribution and/or sale of the subject respirator in its defective condition, Defendant 3M failed to reasonably inspect the respirator and failed to test the respirator as reasonably necessary.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant 3M for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT IV
### Negligence Against Defendant 3M

47.     Plaintiffs incorporate herein by reference paragraphs 1-46, above as though fully set forth herein.

48.     Defendant 3M designed, manufactured, distributed and sold the subject respirator, and its instructions and/or warnings, in the course of its business.

49.     Defendant 3M had a duty to use ordinary care to warn of dangers presented by use of the respirator of which it knew or should have known.

50.     Defendant 3M knew or should have known that, at the time of its design, manufacture and sale to the Deceased, the subject respirator was in a defective condition

10

unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and without adequate warnings.

51.     Defendant 3M had an initial and continuing duty to use ordinary care to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards of the subject respirator.

52.     Defendant 3M breached its initial and continuing duties as set forth herein.

53.     The Deceased suffered serious injuries resulting in his death as a direct result of Defendant 3M's negligent failure to adequately warn of the risk of harm from the defects and/or hazards inherent in use of the respirator.

54.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of Defendant 3M's negligent failure to adequately warn of the risk of harm from the defects and/or hazards inherent in use of the respirator.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant 3M for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT V
### Strict Liability – Sale of Defective Product
### Against Home Depot and Home Depot USA

55.     Plaintiffs incorporate herein by reference paragraphs 1-54, above as though fully set forth herein.

56.     Defendants Home Depot and Home Depot USA (hereinafter collectively the "Home Depot Defendants") sold the subject respirator in the ordinary course of their business.

11

57.     The subject respirator was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the Home Depot Defendants knew or should have known of this condition.

58.     The subject respirator was used by the Deceased in a manner reasonably anticipated by the Home Depot Defendants and in a condition not substantially changed from the time it was distributed and sold by the Home Depot Defendants.

59.     The Deceased suffered serious injuries causing his death as a direct result of the defective condition of the respirator, and the sale of the subject respirator in its defective condition.

60.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the defective condition of the respirator, and the sale of the subject respirator in its defective condition.

WHEREFORE, Plaintiffs respectfully request judgment against the Home Depot Defendants for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VI
### Strict Liability – Failure to Warn
### Against Home Depot and Home Depot USA

61.     Plaintiffs incorporate herein by reference paragraphs 1-60, above as though fully set forth herein.

62.     The Home Depot Defendants sold the subject respirator and instructions and/or warnings in the course of their business.

12

63.     The subject respirator was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use and without adequate warnings, and the Home Depot Defendants knew or should have known of this condition.

64.     The Home Depot Defendants failed to provide adequate instructions or warnings as to the safe use or danger of use of the subject respirator.

65.     The subject respirator was used by the Deceased in a manner reasonably anticipated by the Home Depot Defendants.

66.     The Home Depot Defendants had both an original and continuing duty to warn of defective and unreasonably dangerous conditions of the respirator they sold to assure the safety of persons using said respirator.

67.     The Home Depot Defendants breached their initial and continuing duties.

68.     The Deceased suffered serious injuries causing his death as a direct result of the sale of the subject respirator in its defective condition without adequate instructions or warnings.

69.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the sale of the subject respirator in its defective condition without adequate instructions or warnings.

WHEREFORE, Plaintiffs respectfully request judgment against the Home Depot Defendants for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VII
### Negligence Against Home Depot and Home Depot USA

70.     Plaintiffs incorporate herein by reference paragraphs 1-69, above as though fully set forth herein.

13

71.     The Home Depot Defendants sold the subject respirator in the course of their business.

72.     The Home Depot Defendants had a duty to refrain from selling a dangerous product and/or to provide an adequate warning of any dangers associated with such a product. The Home Depot Defendants' duties to warn were original and continuing.

73.     At the time of its sale to the Deceased, and at the time of its use by him, the subject respirator was in a defective condition unreasonably dangerous when put to a reasonably anticipated use, the Home Depot Defendants knew or should have known of this condition, and the subject respirator was sold without adequate warning of this danger.

74.     The subject respirator was used in a manner reasonably anticipated by the Home Depot Defendants.

75.     The Deceased suffered serious injuries resulting in his death as a direct result of the Home Depot Defendants' breach of their original and continuing duties as set forth herein and/or by the lack of an adequate warning of the danger.

76.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the Home Depot Defendants' breach of their original and continuing duties as set forth herein and/or by the lack of an adequate warning of the danger.

WHEREFORE, Plaintiffs respectfully request judgment against the Home Depot Defendants for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

14

## COUNT VIII
### Strict Liability Against Defendant Sherwin-Williams

77.     Plaintiffs incorporate herein by reference paragraphs 1-76, above as though fully set forth herein.

78.     Defendant Sherwin-Williams manufactured, distributed and sold the primer in the course of its business.

79.     The primer was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

80.     The primer was used by the Deceased in a manner reasonably anticipated by Defendant Sherwin-Williams and in a condition not substantially changed from the time it was designed, manufactured, distributed and sold by Defendant Sherwin-Williams.

81.     The Deceased suffered serious injuries resulting in his death as a direct result of the defective design and/or manufacture of the primer, and the distribution and/or sale of the primer in its defective condition.

82.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the defective design and/or manufacture of the primer, and the distribution and/or sale of the primer in its defective condition.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant Sherwin-Williams for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

15

**COUNT IX**
**Strict Liability – Failure to Warn Against Defendant Sherwin-Williams**

83.     Plaintiffs incorporate herein by reference paragraphs 1-82, above as though fully set forth herein.

84.     Defendant Sherwin-Williams designed, manufactured, distributed and sold the primer and its instructions and/or warnings, in the course of its business.

85.     The primer was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and without adequate warnings.

86.     Defendant Sherwin-Williams failed to provide an adequate instruction or warning as to the safe use or danger of use of the primer.

87.     The primer was used by the Deceased in a manner reasonably anticipated by Defendant Sherwin-Williams and in a condition not substantially changed from the time it was designed, manufactured, distributed and sold by Defendant Sherwin-Williams.

88.     Defendant Sherwin-Williams had both an original and continuing duty to warn of defective and unreasonably dangerous conditions of the primer to assure the safety of the persons using the primer.

89.     Defendant Sherwin-Williams breached its original and continuing duties.

90.     The Deceased suffered serious injuries resulting in his death as a direct result of the distribution and/or sale of the primer in its defective condition without adequate instructions or warnings.

91.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the distribution and/or sale of the primer in its defective condition without adequate instructions or warnings.

16

WHEREFORE, Plaintiffs respectfully request judgment against Defendant Sherwin-Williams for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT X**
**Negligence – Design and/or Manufacture of Defective and Dangerous Product**
**Against Defendant Sherwin-Williams**

92.     Plaintiffs incorporate herein by reference paragraphs 1-91, above as though fully set forth herein.

93.     Defendant Sherwin-Williams designed, manufactured, distributed and sold the primer in the course of its business.

94.     Defendant Sherwin-Williams had a duty to use ordinary care in the design and manufacture of the primer; to make reasonable inspection of the primer; and to test the primer for defects prior to distribution.

95.     At the time of its design, manufacture and sale, and at the time of its use by the Deceased, the primer was in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and Defendant Sherwin-Williams breached it duties.

96.     The primer was used in a manner reasonably anticipated by Defendant Sherwin-Williams.

97.     The Deceased suffered serious injuries resulting in his death as a direct result of Defendant Sherwin-Williams' breach of its duties to the Decedent and other consumers.

98.     Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of Defendant Sherwin-Williams' breach of its duties to the Decedent and other consumers.

17

WHEREFORE, Plaintiffs respectfully request judgment against Defendant Sherwin-Williams for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT XI
**Negligence – Failure to Warn of Defective and Unreasonably Dangerous Condition
Against Defendant Sherwin-Williams**

99.     Plaintiffs incorporate herein by reference paragraphs 1-98, above as though fully set forth herein.

100.    Defendant Sherwin-Williams designed, manufactured, distributed and sold the primer and instructions and/or warnings, in the course of its business.

101.    Defendant Sherwin-Williams had a duty to use ordinary care to warn of dangers presented by use of the primer of which it knew or should have known.

102.    Defendant Sherwin-Williams knew or should have known that, at the time of its design, manufacture, sale and use by the Deceased, the primer was in a defective condition unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and without adequate warnings.

103.    Defendant Sherwin-Williams had an initial and continuing duty to use ordinary care to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards of the primer.

104.    Defendant Sherwin-Williams breached its initial and continuing duties.

105.    The Deceased suffered serious injuries resulting in his death as a direct result of Defendant Sherwin-Williams' negligent failure to adequately warn of the risk of harm from the defects and/or hazards of the primer.

18

106.    Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of Defendant Sherwin-Williams' negligent failure to adequately warn of the risk of harm from the defects and/or hazards of the primer.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant Sherwin-Williams for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT XII
### Negligence Against Defendant Galate

107.    Plaintiffs incorporate herein by reference paragraphs 1-106, above as though fully set forth herein.

108.    Defendant Galate was the general contractor of a residential construction project at the home of Pam and Scott Burgett in Overland Park, Kansas.

109.    Defendant Galate sub-contracted with the Deceased for services including painting.

110.    As the general contractor, Defendant Galate was the occupier or possessor of the premises and intended to control it for the purposes of completing the project.

111.    As the general contractor and occupier or possessor of the premises, Defendant Galate had a duty to keep the job site in a reasonably safe condition and to operate the job site in a reasonably safe manner.

112.    Defendant Galate breached his duty in one or more of the following respects:

  a.    He failed to provide for adequate ventilation of the premises for the purposes of Decedent's work;

19

       b.     He failed to ensure that the premises were adequately ventilated for the purposes of Decedent's work;

       c.     He failed to provide the proper equipment for Decedent to safely work on the premises;

       d.     He failed to adequately supervise the premises and the work being done by Decedent; and

       e.     He failed to otherwise ensure that the premises were in a reasonably safe condition for use by Decedent and others.

113.    As a direct and proximate result of Defendant Galate's negligence, the Deceased suffered serious injuries resulting in his death.

114.    As a direct and proximate result of the negligence of Defendant Galate, Plaintiffs and the heirs of the Deceased have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant Galate for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT XIII
### Strict Liability Against Defendants CSD and Startex

115.    Plaintiffs incorporate herein by reference paragraphs 1-114, above as though fully set forth herein.

116.    Defendants CSD and Startex manufactured, distributed and sold the Startex paint thinner in the course of their business.

117.    The paint thinner was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

118.    The paint thinner was used by the Deceased in a manner reasonably anticipated by Defendants CSD and Startex and in a condition not substantially changed from the time it was designed, manufactured, distributed and sold by Defendants CSD and Startex.

119.    The Deceased suffered serious injuries resulting in his death as a direct result of the defective design and/or manufacture of the paint thinner, and the distribution and/or sale of the paint thinner in its defective condition.

120.    Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the defective design and/or manufacture of the paint thinner, and the distribution and/or sale of the paint thinner in its defective condition.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants CSD and Startex for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT XIV
### Strict Liability – Failure to Warn Against Defendants CSD and Startex

121.    Plaintiffs incorporate herein by reference paragraphs 1-120, above as though fully set forth herein.

122.    Defendants CSD and Startex designed, manufactured, distributed and sold the paint thinner and its instructions and/or warnings, in the course of their business.

123.    The paint thinner was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and without adequate warnings.

21

124.    Defendants CSD and Startex failed to provide an adequate instruction or warning as to the safe use or danger of use of the paint thinner.

125.    The paint thinner was used by the Deceased in a manner reasonably anticipated by Defendants CSD and Startex and in a condition not substantially changed from the time it was designed, manufactured, distributed and sold by Defendants CSD and Startex.

126.    Defendants CSD and Startex had both an original and continuing duty to warn of defective and unreasonably dangerous conditions of the primer to assure the safety of the persons using the paint thinner.

127.    Defendants CSD and Startex breached their original and continuing duties.

128.    The Deceased suffered serious injuries resulting in his death as a direct result of the distribution and/or sale of the paint thinner in its defective condition without adequate instructions or warnings.

129.    Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of the distribution and/or sale of the paint thinner in its defective condition without adequate instructions or warnings.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants CSD and Startex for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT XV
### Negligence – Design and/or Manufacture of Defective and Dangerous Product Against Defendants CSD and Startex

130.    Plaintiffs incorporate herein by reference paragraphs 1-129, above as though fully set forth herein.

22

131.    Defendants CSD and Startex designed, manufactured, distributed and sold the paint thinner in the course of their business.

132.    Defendants CSD and Startex had a duty to use ordinary care in the design and manufacture of the paint thinner; to make reasonable inspection of the paint thinner; and to test the paint thinner for defects prior to distribution.

133.    At the time of its design, manufacture and sale, and at the time of its use by the Deceased, the paint thinner was in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and Defendants CSD and Startex breached their duties.

134.    The paint thinner was used in a manner reasonably anticipated by Defendants CSD and Startex.

135.    The Deceased suffered serious injuries resulting in his death as a direct result of Defendants CSD and Startex's breach of their duties to the Decedent and other consumers.

136.    Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of Defendants CSD and Startex's breach of their duties to the Decedent and other consumers.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants CSD and Startex for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT XVI
**Negligence – Failure to Warn of Defective and Unreasonably Dangerous Condition Against Defendants CSD and Startex**

137.    Plaintiffs incorporate herein by reference paragraphs 1-136, above as though fully set forth herein.

23

138.    Defendants CSD and Startex designed, manufactured, distributed and sold the paint thinner and instructions and/or warnings, in the course of their business.

139.    Defendants CSD and Startex had a duty to use ordinary care to warn of dangers presented by use of the paint thinner of which they knew or should have known.

140.    Defendants CSD and Startex knew or should have known that, at the time of its design, manufacture, sale and use by the Deceased, the paint thinner was in a defective condition unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics and without adequate warnings.

141.    Defendants CSD and Startex had an initial and continuing duty to use ordinary care to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards of the paint thinner.

142.    Defendants CSD and Startex breached their initial and continuing duties.

143.    The Deceased suffered serious injuries resulting in his death as a direct result of Defendants CSD and Startex's negligent failure to adequately warn of the risk of harm from the defects and/or hazards of the paint thinner.

144.    Plaintiffs have suffered damages including, but not limited to, those damages recoverable pursuant to K.S.A. 60-1904, as a direct result of Defendants CSD and Startex's negligent failure to adequately warn of the risk of harm from the defects and/or hazards of the paint thinner.

WHEREFORE, Plaintiffs respectfully request judgment against Defendants CSD and Startex for fair and reasonable damages in an amount in excess of $75,000, for costs herein expended, and for such other and further relief as the Court deems just and proper under the circumstances.

24

## COUNT XVII
### Survival Claim Against All Defendants

145.    Plaintiffs incorporate paragraphs 1 through 144, above as though fully set forth herein.

146.    As a result of the Defendants' conduct, as set forth above, and the resulting injuries suffered by the Deceased, he was caused to suffer pain, suffering and mental anguish prior to his death.

WHEREFORE, Plaintiff Magdalena Flores-Gaytan, as Special Administrator of Deceased's Estate, respectfully requests judgment against Defendants for fair and reasonable damages in an amount in excess of $75,000, for the costs herein expended, and for such other and further relief as the Court deems just and proper under circumstances.

### DEMAND FOR JURY TRIAL

*Plaintiffs demands a trial by jury on all issues.*

Respectfully submitted,

**SULLIVAN, BAUTISTA, MORGAN,
ALLEN & CHRONIC, L.L.C.**

By:

Robert C. Sullivan,    KS Bar #20115
1600 Baltimore Avenue, Suite 200
Kansas City, MO  64108
(816) 221-9922 / FAX: (816) 817-1962
E-mail:  rsullivan@sbmaclaw.com

**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT A

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
### PROBATE DIVISION

In the Matter of the Estate of

JOSE N. ROMO-VIRAMONTES, Deceased

}

No. _____

Court_____

Chapter 59

## LETTERS OF ADMINISTRATION

KNOWN ALL PERSONS BY THESE PRESENTS:

Magdalena Flores-Gaytan, a resident of Kansas City, Wyandotte County, Kansas, having been appointed and qualified as Administrator of the Estate of Jose N. Romo-Viramontes, deceased, is hereby granted Letters of Administration in the Estate, with full power and authority as provided by law.

IN WITNESS WHEREOF, I, the undersigned, Judge of the District Court have subscribed my name and affixed the seal of the Court at Kansas City, in Wyandotte County, Kansas, this _18_ day of _March_, 2010.

KATHLEEN M. LYNCH
_____
*Judge*

POLSINELLI SHUGHART PC

By:_____
Nancy J. Woodworth, KS Bar No. 12749
6201 College Blvd., Suite 500
Overland Park, KS 66211
Phone: 913-451-8788
Fax:   913-451-6205
nwoodworth@polsinelli.com
Attorneys for Petitioner

328172.1