IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

MAGDALENA FLORES-GAYTAN,            )
Individually and as the             )
Administrator of the Estate of      )
JOSE ROMO-VIRAMONTES, deceased,     )
et al.,                             )
                                    )
                  Plaintiffs,       )   **CIVIL ACTION**
                                    )
v.                                  )   No. 10-2538
                                    )
3M COMPANY, et al.,                 )
                                    )
                  Defendants.       )
                                    )

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs' motion for remand. (Doc. 21). The matter has been fully briefed and is ripe for decision. (Docs. 22, 24, 26). For the reasons contained herein, plaintiffs' motion is granted.

**I.   BACKGROUND**

On October 4, 2010, defendants filed their notice of removal and removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. However, there is not complete diversity as required by statute. Defendants acknowledge that the individual defendant, Steven G. Galate, is a Kansas resident and citizen, but contend that Galate was fraudulently joined for the purpose of defeating diversity jurisdiction. If so, the court must disregard his presence for purposes of subject matter jurisdiction. See generally Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921) (the right of removal cannot be defeated by "a

fraudulent joinder of a resident defendant having no real connection with the controversy.").

**II.  STANDARD**

Defendants may remove this civil action only if plaintiffs could have originally filed their case in federal court. 28 U.S.C. § 1441(a). "Remand is required 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" City of Neodesha, Kansas v. BP Corporation North America Inc., 355 F. Supp. 2d 1182, 1184-85 (D. Kan. 2005) (quoting 28 U.S.C. § 1447(c)). There is a presumption against federal jurisdiction as federal courts are courts of limited jurisdiction. Id. (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). As a result, "[r]emoval statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." Id.

Because defendants are the removing parties and allege that Galate was fraudulently joined to defeat diversity jurisdiction, they bear the heavy burden of showing that plaintiffs have no possible claim against Galate. See Montano v. Allstate Indemnity, No. 99-2225, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000). In Montano, the Tenth Circuit stated:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

\*             \*             \*

-2-

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P . 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced. Finally, as the reference to "a cause of action" in the quoted passage reflects remand is required if any one of the claims against the non-diverse defendant ... is possibly viable.

Id. (internal citations omitted).  "'[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc., 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006).

**III. ANALYSIS**

It is undisputed that Galate was the general contractor of the residence located in Overland Park, Kansas where the decedent was working at the time of his death.  It also is undisputed that Galate hired plaintiffs' decedent to perform the remodeling work during which he allegedly died.  However, the parties dispute whether Galate owed a duty to the decedent as a general contractor.

To prove their negligence claim, plaintiffs must show "(1) the existence of a duty, (2) a breach of that duty, (3) injury, and (4) a causal connection between the duty breached and the injury suffered." Hauptman v. WMC, Inc., 43 Kan. App. 2d 276, 284, 224 P.3d 1175, 1181-82 (Kan. Ct. App. 2010).

The court has read the authority cited by the parties as well as other Kansas cases and finds that there is no authority factually on point; i.e. that a general contractor owes <u>no</u> duty under Kansas law given the facts alleged in plaintiffs' petition.  Defendants have not shown that plaintiffs have <u>no possible</u> claim against Galate for

-3-

negligence.  Defendants acknowledge that Kansas follows the general tort principle that the possessor of a premises owes a duty of ordinary care, at the very least, to a independent contractor or invitee if he occupies, possesses, or controls the premises.  See Miller v. Zep Mfg. Co., 249 Kan. 34, 41-43, 815 P.2d 506, 513-14 (1991) ("[T]he possessor may be under an affirmative duty to minimize the risk if there is reason to expect an invitee will be distracted, so that he or she will not discover what is obvious, will forget what has been discovered, or will fail to protect against the danger.").

Plaintiffs' petition sufficiently alleges facts that Galate controlled and/or supervised the area in which the decedent was working at the time of his death.  Plaintiffs allege that it can be inferred that Galate gave the decedent access to the job site. Plaintiffs also allege that Galate was present from 6:30 to 8:30 p.m. at the job site the night the decedent died.  All inferences must be made in favor of plaintiffs.

At this stage, plaintiffs have sufficiently alleged that Galate intended to control the premises in which the decedent was working. See Restatement (Second) of Torts § 328E (1964) (stating in part that "[a] possessor of land is ... a person who is in occupation of the land with intent to control it").  Consequently, Galate arguably owed a duty to the decedent and plaintiffs' negligence claim against Galate is possible.  Stated another way, the claim is not impossible.

**IV. CONCLUSION**

Plaintiffs' motion to remand (Doc. 21) is granted.  The case is remanded instanter to the District Court of Wyandotte County, Kansas. Plaintiffs' application for costs and expenses is denied.  No motion

-4-

to reconsider this order will be entertained because this court will lack jurisdiction to rule on it.

    IT IS SO ORDERED.

    Dated this  14th  day of January 2011, at Wichita, Kansas.

                                             s/ Monti Belot
                                             Monti L. Belot
                                             UNITED STATES DISTRICT JUDGE